BAXTER, J.,
Concurring. — I agree with the majority on the following points: First, whether one retained to provide compensated service to another is an employee or an independent contractor for purposes of the common law depends primarily on the degree to which the hirer has the legal right to control the manner and means of performance, as opposed to the extent to which the hirer exercises (or attempts to exercise) such control. Second, where a written contract specifies the terms of the relationship between hirer and hiree, setting out their respective degrees of control over the work, such a contract is generally the most significant determinant of whether an employer-employee relationship has arisen. Third, whether the issue of employee status can be resolved on a classwide basis thus depends on the *541 degree to which it appears the hirer’s legal right of control, however great or small, was similar for all members of the putative class — as evidenced, for example, by a standard contract that was common to all.
Applying these principles, I concur in the majority’s conclusion that the trial court’s denial of class certification proceeded on incorrect principles. As the majority indicates, the trial court erred by focusing its attention exclusively on evidence that defendant actually imposed more detailed supervisory control over some of its contract newspaper carriers than others, and that the degree of such actual supervision varied widely from carrier to carrier. I therefore join the majority’s holding that the Court of Appeal’s judgment, overturning the trial court’s order and remanding for further proceedings, should be affirmed. In my view, nothing more need be said to reach this conclusion, and I therefore express no opinion on any other matter discussed by the majority.
Corrigan, J., concurred.